BILL INGRAM v. THE STATE.

No. 3133.    Decided December 13, 1905.

**1.—Local Option—Statement of Facts—Charge of Court—Practice on Appeal.**

Where a statement of facts was not filed within time, the same cannot be considered; and although a charge of the court may embody an erroneous proposition of law and authorize a conviction thereon, yet in the absence of a statement of facts it will be presumed that the facts were ample to authorize the conviction, and the case will not be reversed.

**2.—Same—Charge of Court—Weight of Evidence.**

See opinion for charges complained of by appellant which nevertheless could be predicated on a state of facts which authorize a conviction.

Appeal from the County Court of Hopkins.    Tried below before Hon. T. J. Russell.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Leach & McBride* and *C. O. James,* for appellant.—We insist that the latter portion of paragraph 3 of the court's charge is not applicable to any state of facts provable in this case and assumes a disputable issue as proven and is reversible error.    Wright v. State, 34 S. W. Rep., 935; Bowman v. State, 35 S. W. Rep., 382; Blasingame v. State, 85 S. W. Rep., 275; Bottoms v. State, 73 S. W. Rep., 16.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted for violating the local option law—his punishment being fixed at a fine of $25 and twenty days confinement in the county jail; and prosecutes this appeal.

What purports to be a statement of facts was not filed during the term at which the conviction occurred, and there is no twenty-day order in the record.    Therefore the statement of facts will not be considered.

The only questions raised relate to the charge of the court.    It is insisted that although there be no facts which the court can consider, yet if the charge authorizing a conviction is predicated on facts which do not warrant a conviction, but the contrary, it is such error as requires a reversal.    Such does not seem to be the holding of this court. It seems to be the rule that although a charge may embody an erroneous proposition of law, and authorize a conviction thereon, yet, in the absence of a statement of facts it will be presumed that the facts were ample to authorize the conviction, and the case will not be reversed.

Appellant complains of this portion of the charge: "If you believe from the evidence that the whisky alleged to have been sold was shipped to witness Alsobrook, and that said witness did not order,

nor accept the same, then said whisky was the property of the shipper; and if you believe from the evidence beyond a reasonable doubt that defendant became interested in the sale or delivery of said whisky to F. H. Glower, then he would be guilty, and you should so find." We understand the criticism made on this charge is, that it does not tell the jury "how interested"; and for ought that appears appellant may have been interested with the purchaser. We do not believe an ordinary interpretation of the charge will bear this construction. The language is, "interested in the sale and delivery of said whisky to Glower, then he would be guilty," etc. Besides this, in the fifth paragraph of the court's charge, the jury were distinctly told, "If you do not believe from the evidence that defendant signed for and received the whisky, or that he was not interested in the sale of said whisky to Glower, then he would not be guilty; and if you have a reasonable doubt as to said act, you should find him not guilty. We see nothing wrong about these charges.

This charge is also complained of: "If you believe from the evidence beyond a reasonable doubt that the defendant, Bill Ingram, signed the name of Nathan Alsobrook, in order to get the whisky out of the express office, and that he did thereby procure said whisky and deliver the same to F. H. Glower, and that said Ingram himself, or in conjunction with Glower paid the express charges thereon due, then he would be guilty." The above charge is correct upon a statement of facts, which we will assume was proved. If the whisky came through the express company, without any contract, or came under an order to another party who did not take the whisky, and Ingram personated Alsobrook, to whom the whisky was shipped without an order, and signed for the same, procured the whisky and let Glower have it, the jury would have been authorized to convict him. So that, even if it be conceded that the proposition contended for by appellant, as stated above, is correct, yet it does not occur to us that said proposition is applicable, because the charges complained of may be predicated on a state of facts which authorized conviction.

Appellant requested certain special instructions, which the court refused. In the absence of the facts, we cannot determine that these were authorized or required.

There being no error in the record, the judgment is affirmed.

*Affirmed.*